UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| CALVIN HARDY,<br>on behalf of himself and<br>all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>HUNT MANAGEMENT INCORPORATED<br>10520 North Baehr Road<br>Mequon, Wisconsin 53092<br><br>      and<br><br>RIVERS EDGE HOMES ASSOCIATION, INC.<br>10520 North Baehr Road<br>Mequon, Wisconsin 53092<br><br>        Defendants | Case No. 23-cv-924<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT PURSUANT TO 29 U.S.C. §216(b) AND FED. R. CIV. P. 23**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

**PRELIMINARY STATEMENT**

1. This is a collective and class action brought pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA"), Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*. ("WWPCL"), and Fed. R. Civ. P. 23, by Plaintiff, Calvin Hardy, against Defendants, Hunt Management, Incorporated and Rivers Edge Homes Association, Inc. Plaintiff brings these FLSA and WWPCL claims and causes of action against Defendants on behalf of himself and all other similarly-situated current and

former Maintenance Supervisors of Defendants for purposes of obtaining relief under the FLSA and WWPCL for unpaid overtime compensation, liquidated damages, agreed-upon wages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

2. Defendants operated an unlawful compensation system that deprived and failed to compensate Plaintiff and all other current and former Maintenance Supervisors for all hours worked and work performed each workweek, including at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek, by misclassifying Plaintiff and all other Maintenance Supervisors as salaried-exempt when, in reality, said employees performed primarily performed manual labor each workweek and, thus, were non-exempt employees to whom Defendants failed to pay overtime compensation for each hour worked in excess of forty (40) hours in a workweek, in violation of the FLSA and WWPCL.

3. Defendants' deliberate failure to compensate its Maintenance Supervisors with overtime compensation for each hour worked in excess of forty (40) hours in a workweek violated federal law as set forth in the FLSA and state law as set forth in the WWPCL.

## **JURISDICTION AND VENUE**

4. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq*.

5. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims, WWPCL (Wis. Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*.), because they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Defendants do business, and have substantial and systematic contacts, in this District.

**PARTIES AND COVERAGE**

7. Plaintiff, Calvin Hardy, is an adult male resident of the State of Wisconsin with a post office address of 4229 West Rivers Edge Circle, Brown Deer, Wisconsin 53209.

8. Plaintiff's Notices of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is contemporaneously filed with this Complaint (ECF No. 1).

9. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants employed Plaintiff in the position of Maintenance Supervisor working in the State of Wisconsin.

10. Defendant, Hunt Management, Incorporated, was, at all material times herein, an entity doing business in the State of Wisconsin with a principal office address of 10520 North Baehr Road, Mequon, Wisconsin 53092.

11. Defendant Hunt Management is a self-described "full-service community association management company" that owns, operates, and manages physical locations and properties in the State of Wisconsin, including the location where Plaintiff worked in the position of Maintenance Supervisor in the State of Wisconsin.

12. Defendant, Rivers Edge Homes Association, Inc., was, at all material times herein, an entity doing business in the State of Wisconsin with a principal office address of 10520 North Baehr Road, Mequon, Wisconsin 53092.

13. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant Hunt Management owned, operated, and managed Defendant Rivers Edge

Homes Association, including but not limited to the location where Plaintiff worked in the position of Maintenance Supervisor in the State of Wisconsin.

14. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants collectively owned, operated, and managed physical locations and properties in the State of Wisconsin, including but not limited to the location where Plaintiff worked in the position of Maintenance Supervisor in the State of Wisconsin.

15. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants employed Plaintiff in the position Maintenance Supervisor performing compensable work on Defendants' behalf, at Defendants' direction, for Defendants' benefit, and with Defendants' knowledge primarily at Defendants' "Rivers Edge" location in the State of Wisconsin.

16. For purposes of the FLSA, Defendants, collectively and individually, were "employers" of an "employee," Plaintiff, as those terms are used in 29 U.S.C. §§ 203(d) and (e).

17. During the relevant time periods as stated herein, Defendants, collectively and individually, were engaged in "commerce" and/or their employees were engaged in "commerce," as that term is defined under the FLSA.

18. During the relevant time periods as stated herein, Defendants, collectively and individually, employed more than two (2) employees.

19. During the relevant time periods as stated herein, Defendants' annual dollar volume of sales or business, collectively and individually, exceeded $500,000.

20. During the relevant time periods as stated herein, Plaintiff was engaged in commerce or in the production of goods for commerce.

21. For purposes of the WWPCL, Defendants, collectively and individually, were "employers" of Plaintiff, and Plaintiff was "employed" by Defendants, as those terms, or variations thereof, are used in Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

22. Plaintiff brings this action on behalf of himself and all other similarly-situated salary-paid Maintenance Supervisors employed by Defendants within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1). Plaintiff and all other Maintenance Supervisors were subjected to Defendants' same unlawful policies as enumerated herein, and they performed similar job duties as all other similarly-situated Maintenance Supervisors who performed compensable work for Defendants and/or on Defendants' behalf at physical locations that were owned, operated, and managed by Defendants.

23. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants supervised Plaintiff's and the day-to-day activities of all other Maintenance Supervisors.

24. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants hired, terminated, promoted, demoted, and suspended Plaintiff and all other Maintenance Supervisors.

25. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants reviewed Plaintiff's work performance and the work performance of all other Maintenance Supervisors.

26. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants established Plaintiff's and all other Maintenance Supervisors' work schedules

and provided Plaintiff and all other Maintenance Supervisors with work assignments and hours of work.

27. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants established the terms, conditions, work rules, policies, and procedures by which Plaintiff and all other Maintenance Supervisors abided in the workplace.

28. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants oversaw, managed, and adjudicated Plaintiff's and other Maintenance Supervisors' employment-related questions, benefits-related questions, and workplace issues.

**GENERAL ALLEGATIONS**

29. On or about July 11, 2022, Defendants hired Plaintiff as a Maintenance Supervisor primarily performing compensable work on Defendants' behalf, at Defendants' direction, for Defendants' benefit, and with Defendants' knowledge at Defendants' "Rivers Edge" location in the State of Wisconsin.

30. During Plaintiff's employment with Defendants, Plaintiff reported directly to Antionette Collins, Property Manager for Defendant Hunt Management.

31. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff all other Maintenance Supervisors performed compensable work on Defendants' behalf, with Defendants' knowledge, for Defendants' benefit, and/or at Defendants' direction and subject to Defendants' same compensation policies and actual practices at physical locations and properties that were owned, operated, and managed by Defendants.

32. On or about June 27, 2023, Collins terminated Plaintiff's employment.

33. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's and all other Maintenance Supervisors' primary job duty each workweek was to

perform manual labor – such as physically performing routine and preventative maintenance; physically performing interior and exterior repairs; physically performing safety and fire alarm inspections; painting; physically performing electrical, plumbing, and HVAC repairs; physically maintaining the pool, gates, and garages; physically taking out the garbage and recycling; physically responding to work order reports and emergency calls from residents; and being on call every day in order to physically performing maintenance work – at physical locations and properties that were owned, operated, and managed by Defendants.

34. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), and despite Plaintiff and all other Maintenance Supervisors primarily performing manual labor each workweek on Defendants' behalf, with Defendants' knowledge, for Defendants' benefit, and/or at Defendants' direction at physical locations and properties that were owned, operated, and managed by Defendants, Defendants classified said employees as "exempt" for purposes of the FLSA and WWPCL. However, in reality, during the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other Maintenance Supervisors were non-exempt employees for purposes of the FLSA and WWPCL.

35. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants maintained employment records and other documentation regarding Plaintiff and all other Maintenance Supervisors.

36. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants maintained a centralized system for tracking and/or recording hours worked by Plaintiff and all other Maintenance Supervisors.

37. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants maintained centralized systems for compensating Plaintiff and all other Maintenance Supervisors for all remuneration earned.

38. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other Maintenance Supervisors frequently worked in excess of forty (40) hours each workweek.

39. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants were aware and/or had knowledge that Plaintiff and all other Maintenance Supervisors frequently worked in excess of forty (40) hours each workweek.

40. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants compensated Plaintiff and all other Maintenance Supervisors on a weekly basis via paycheck.

41. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants' workweek for FLSA and WWPCL purposes was Monday through Sunday.

42. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's and all other Maintenance Supervisors' primary job duties each workweek was not the management of Defendants' enterprise, general business operation, or a department or division of Defendants.

43. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other Maintenance Supervisors performed their job duties and responsibilities at the direction of Defendant: they were given specific instructions as to how to perform their job duties and/or they performed their job duties within the prescribed procedures, processes, and/or limits established by Defendants.

44. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other Maintenance Supervisors did not customarily and regularly exercise discretion or independent judgment in the performance of their job duties.

45. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other Maintenance Supervisors did not, in the performance of their job duties, customarily or regularly compare or evaluate possible courses of conduct, and said employees did not customarily or regularly act or make decisions regarding matters of significance after considering various possibilities.

46. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other Maintenance Supervisors did not, in the performance of their job duties, customarily or regularly have the authority to make an independent choice, free from immediate direction or supervision, or to waive or deviate from Defendants' established policies, processes, and/or procedures without Defendants' prior approval.

47. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's and all other Maintenance Supervisors' job duties did not require advanced knowledge in a field of science or learning, and/or did not require invention, imagination, originality, or talent.

48. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's and all other Maintenance Supervisors' job duties did not require them to perform work which was predominantly intellectual in nature and acquired by a prolonged course of specialized intellectual instruction.

49. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other Maintenance Supervisors were not highly compensated employees for FLSA and WWPCL purposes.

50. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other Maintenance Supervisors employed by Defendants were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

51. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendants did not properly and lawfully compensate Plaintiff and all other Maintenance Supervisors with overtime pay for all hours worked in excess of forty (40) in a workweek, in violation of the FLSA and WWPCL.

52. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants' policies in practice failed to compensate Plaintiff and all other Maintenance Supervisors at the correct and lawful overtime rate of pay for all hours worked and work performed in excess of forty (40) hours in a workweek.

53. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants were or should have been aware that their policies in practice did not properly and lawfully compensate Plaintiff and all other Maintenance Supervisors at the correct and lawful overtime rate of pay for all hours worked in excess of forty (40) in a workweek.

54. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants suffered or permitted Plaintiff and all other Maintenance Supervisors to work without being paid appropriate, lawful, and agreed-upon compensation as identified herein for all hours worked and/or work performed each workday and each workweek, in violation of the WWPCL.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

55. Plaintiff brings this action on behalf of himself and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The similarly situated employees include:

> All current and former Maintenance Supervisors employed by Defendants within the three (3) years immediately preceding the filing of this Complaint, (ECF No. 1), and who worked in excess of forty (40) hours in any workweek.

56. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and the FLSA Collective were victims of Defendants' same unlawful compensation policy in practice of failing to compensate the FLSA Collective with overtime compensation for hours worked each workweek in excess of forty (40).

57. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and the FLSA Collective primarily performed non-exempt job duties each workweek and, thus, were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

58. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and the FLSA Collective were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek, and Defendants' deliberate failure to properly compensate Plaintiff and the FLSA Collective at the rate of one and one-half times their regular hourly rate of pay for hours worked in excess of forty (40) in a workweek violated federal law as set forth in the FLSA.

59. Defendants were or should have been aware that their unlawful practices as described in the aforementioned paragraphs failed to compensate and deprived Plaintiff and the

FLSA Collective of the appropriate and lawful overtime wages and compensation due and owing to them, in violation of the FLSA.

60. Plaintiff's FLSA Cause of Action is brought under and maintained as an opt-in Collective Action Pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of the FLSA Collective, and this Cause of Action may be pursued by those who affirmatively opt in to this case, pursuant to 29 U.S.C. § 216(b).

61. Plaintiff and the FLSA Collective are and have been similarly situated, have and have had substantially similar job requirements, and/or pay provisions, and are and have been subject to Defendants' decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them properly and lawfully with overtime compensation. Plaintiff's claims and causes of action as stated herein are the same as those of the FLSA Collective.

62. The FLSA Collective is readily ascertainable. For purpose of notice and other purposes related to this action, the names, phone numbers, and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective via first class mail to the last address known by Defendants and through posting at Defendants' locations in areas where postings are normally made.

63. Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the FLSA Collective.

## RULE 23 CLASS ALLEGATIONS – WISCONSIN

64. Plaintiff brings this action on behalf of himself and all other similarly situated employees employed by Defendants in the State of Wisconsin pursuant to the WWPCL, under Fed. R. Civ. P. 23. The similarly situated employees include:

> All current and former Maintenance Supervisors employed by Defendants in the State of Wisconsin within the two (2) years immediately preceding the filing of this Complaint, (ECF No. 1), and who worked in excess of forty (40) hours in any workweek.

65. The Wisconsin Class members are readily ascertainable. The number and identity of the Wisconsin Class members are determinable from the records of Defendants. The job titles, length of employment, and the rates of pay for the Wisconsin Class members are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

66. The proposed Wisconsin Class is so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, upon information and belief, there are over thirty (30) members of the Wisconsin Class.

67. Plaintiff's claims are typical of those claims which could be alleged by any member of the Wisconsin Class, and the relief sought is typical of the relief which would be sought by each member of the Wisconsin Class in separate actions. All of the Wisconsin Class members were subject to the same corporate practices of Defendants, as alleged herein. Defendants' corporate-wide policies and practices affected all Wisconsin Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Wisconsin Class member.

Plaintiff and other Wisconsin Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

68. Plaintiff is able to fairly and adequately protect the interests of the Wisconsin Class and has no interests antagonistic to the Wisconsin Class. Plaintiff is represented by counsel who is experienced and competent in both collective/class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

69. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Wisconsin Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Wisconsin Class members to redress the wrongs done to them.

70. Important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Wisconsin Classes would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Wisconsin Class establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests

through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

71. Defendants have violated the WWPCL regarding payment of overtime premium wages. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

72. There are questions of fact and law common to the Wisconsin Class that predominate over any questions affecting only individual members. The questions of law and fact common to the Wisconsin Class arising from Defendants' actions include, without limitation, the following: (1) Whether the Wisconsin Class performed compensable work each workweek; (2) Whether the Wisconsin Class' primary job duty each workweek was performing manual labor; (3) Whether Defendants engaged in a pattern or practice of forcing, coercing, deceiving and/or permitting Plaintiff and the Wisconsin Class to perform work for Defendants' benefit without being properly compensated with overtime pay each workweek for hours worked in excess of forty (40); and (4) The nature and extent of class-wide injury and the measure of damages for the injury.

73. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the state law claims.

# FIRST CLAIM FOR RELIEF
## Violations of the Fair Labor Standards Act of 1938, as Amended
### (Plaintiff on behalf of himself and the FLSA Collective – Overtime Pay)

74. Plaintiff, on behalf of himself and the FLSA Collective, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

75. At all times material herein, Plaintiff and the FLSA Collective have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

76. At all times material herein, Defendants were employers of Plaintiff and the FLSA Collective as provided under the FLSA.

77. At all times material herein, Plaintiff and the FLSA Collective were employees of Defendants as provided under the FLSA.

78. During the relevant statutory periods as stated herein, Plaintiff and the FLSA Collective were victims of Defendants' uniform compensation policy and practice of failing to compensate Plaintiff and the FLSA Collective at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek, in violation of the FLSA.

79. The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

80. Defendants were (and are) subject to the overtime pay requirements of the FLSA because Defendants are enterprises engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

81. Defendants' failure to compensate Plaintiff and the FLSA Collective at proper, correct, and lawful overtime rate of pay for each hour worked in excess of forty (40) hours each

workweek was willfully perpetrated. Defendants have not acted in good faith and with reasonable grounds to believe that their actions and/or omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the FLSA Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendants acted in good faith and with reasonable grounds in failing to pay overtime premium pay wages, Plaintiff and the FLSA Collective are entitled to an award of pre-judgment interest at the applicable legal rate.

82. As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendants from Plaintiff and the FLSA Collective for which Defendants are liable pursuant to 29 U.S.C. § 216(b).

83. Plaintiff and the FLSA Collective are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendants acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

84. Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

## SECOND CLAIM FOR RELIEF
### Violations of Wisconsin's Wage Payment and Collection Laws, as Amended
### (Plaintiff, on behalf of himself and the Wisconsin Class – Overtime Pay)

85. Plaintiff, on behalf of himself and the Wisconsin Class, reasserts and incorporates all previous paragraphs as if they were set forth herein.

86. At all relevant times: Plaintiff and the Wisconsin Class were employees of Defendants within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a); Defendants were employers of Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5); and Defendants employed, and/or continue to employ, Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and § DWD 272.01.

87. Throughout the Wisconsin Class Period, Plaintiff and the Wisconsin Class regularly performed activities that were an integral and indispensable part of their principal activities without receiving compensation for these activities.

88. At all relevant times, Defendants had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Wisconsin Class overtime compensation.

89. Defendants willfully failed to pay Plaintiff and the Wisconsin Class overtime premium compensation for all hours worked in excess of forty (40) hours a workweek, in violation of the WWPCL.

90. As set forth above, Plaintiff and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendants violations. Accordingly, Plaintiff and the Wisconsin Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendants to cease and desist from their violations of the Wisconsin

laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

91. Plaintiff and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendants pursuant to the WWPCL.

**WHEREFORE**, it is respectfully prayed that this Court grant the following relief:

a) At the earliest possible time, issue an Order allowing Notice, or issue such Court supervised Notice, to all similarly-situated current and former Maintenance Supervisors employed by Defendants informing them of this action and their rights to participate in this action. Such Notice shall inform all similarly-situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action. Additionally, such notice will include a statement informing the similarly-situated current and qualified former employees that it is illegal for Defendants to take any actions in retaliation of their consent to join this action;

b) At the earliest possible time, issue an Order certifying this action as a class action pursuant to Federal Rules of Civil Procedure 23;

c) At the earliest possible time, issue an Order appointing Walcheske & Luzi, LLC as class counsel pursuant to Federal Rules of Civil Procedure 23;

d) Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendants' actions as described in this Complaint as unlawful and in violation of the FLSA and Wisconsin Law, and applicable regulations and as willful as defined in the FLSA and Wisconsin Law;

e) Issue an Order directing and requiring Defendants to pay Plaintiff and all other similarly-situated Maintenance Supervisors damages in the form of reimbursement for unpaid overtime wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA and WWPCL;

f) Issue an Order directing and requiring Defendants to pay Plaintiff and all other similarly-situated Maintenance Supervisors damages in the form of reimbursement for unpaid agreed-upon wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA and WWPCL;

g) Issue an Order directing and requiring Defendants to pay Plaintiff and all other similarly-situated Maintenance Supervisors liquidated damages pursuant to the FLSA and WWPCL in an amount equal to, and in addition to the amount of wages and overtime wages owed to them;

h) Issue an Order directing Defendants to reimburse Plaintiff and all other similarly-situated Maintenance Supervisors for the costs and attorneys' fees expended in the course of litigating this action, pre-judgment and post-judgment interest; and

i) Provide Plaintiff and all other similarly-situated Maintenance Supervisors with such other and further relief, as the Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES**

Dated this 11th day of July, 2023

WALCHESKE & LUZI, LLC
Counsel for Plaintiff

s/ *Scott S. Luzi*

James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405
David M. Potteiger, State Bar No. 1067009

WALCHESKE & LUZI, LLC
235 N. Executive Drive, Suite 240
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Fax: (262) 565-6469
E-Mail: jwalcheske@walcheskeluzi.com
E-Mail: sluzi@walcheskeluzi.com
E-Mail: dpotteiger@walcheskeluzi.com